**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Reish, et al., | No. CV-20-00554-PHX-DLR |
| Appellants, | **ORDER** |
| v. | |
| Phoenix Heliparts Incorporated, et al., | |
| Appellees. | |

    Before the Court is Appellants' appeal of Bankruptcy Judge Daniel P. Collins' March 11, 2020 order (Doc. 1 at 9-11), which is fully briefed. (Docs. 11, 14, 15.) For the following reasons, the bankruptcy court's decision is affirmed.

**I. Background**

    On December 28, 2018, Judge Collins issued an order finding, *inter alia*, that the value of the 41FF helicopter ("41FF") was $2.15 million. (Doc. 11-4.) Appellants appealed that order to this Court. (Doc. 11-5.) On November 25, 2019, the Court remanded the matter to the bankruptcy court to ascertain the property value of 41FF as of October 27, 2015 and to support such valuation with evidence from the record. (Doc. 11-8.) On remand, Appellants filed a motion to reopen discovery as to the 41FF valuation issue, and the bankruptcy court presided over oral argument. (Docs. 11-10, 11-13.) On March 11, 2020, the bankruptcy court issued its order pursuant to appellate remand ("Order on Remand"). (Doc. 1 at 9-15.) The Order on Remand denied Appellants' motion to reopen

discovery and entered final judgment against Appellants in the amount of $2.15 million—its valuation of 41FF. (*Id.*) In support of its valuation, the bankruptcy court included seven separate record-based reasons and citations. (*Id.* at 2-4.) Appellants have appealed the Order on Remand. (Doc. 1.) The matter is now ripe.

## II. Legal Standard

On appeal, the Court reviews a bankruptcy court's findings of fact under the clearly erroneous standard. *In re Johnston*, 21 F. 3d 323, 326 (9th Cir. 1994). The bankruptcy court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009). The Court reviews de novo mixed issues of law and fact and conclusions of law. *In re Su*, 290 F. 3d 1140, 1142 (9th Cir. 2002).

## III. Discussion

First, Appellants assert that the Order on Remand is erroneous because—in re-determining the value of 41FF to be $2.15 million— the bankruptcy court disobeyed the Court's remand order, which Appellants mischaracterize as holding that $2.15 million "wasn't the right number." However, the Court plainly noted that its remand order was "not declaring that the $2.15 million figure is inherently an incorrect valuation of 41FF. Rather, the bankruptcy court erred by failing to adequately support the valuation[.]" *Reish v. Mukai*, No. CV-19-00400-PHX-DLR, 2020 WL 122875 n. 3 (D. Ariz. Jan. 10, 2020). The bankruptcy court more than complied with the Court's directive by ascertaining 41FF's value at the time of transfer from PHP to Mr. Reish and supporting such valuation with significant record evidence.

Second, Appellants contend that the bankruptcy court abused its discretion by refusing to reopen discovery on remand, arguing that the Court's remand order implicitly mandated it. The Court's remand order did not mandate a reopening of discovery, implicitly or otherwise. It was within the bankruptcy court's discretion to decide whether to reopen discovery. It did not abuse its discretion in declining to do so where Appellants consistently held that Mr. Reish was entitled to the full proceeds of the 41FF sale,

Appellants never listed the valuation of 41FF as an issue to be addressed at trial, and Appellants did not disclose an expert on valuation before the July 30, 2018 deadline, even though such failure was not substantially justified or harmless.

Third, Appellants argue that the bankruptcy court abused its discretion by failing to *sua sponte* bifurcate the valuation issue and by addressing valuation before the issue was ripe, following determination of ownership. It is undisputed that Appellants did not request bifurcation. The bankruptcy court was under no independent obligation to bifurcate *sua sponte*, even though it could have done so. Further, Appellants provide no relevant legal support—and the Court has found none—for its position on ripeness.

Fourth, Appellants argue that the bankruptcy court erred by failing to take judicial notice of the trustee's trial testimony that PHP paid $100,000 for the 41FF as non-airworthy salvage. The bankruptcy court noted in its Order on Remand that it had evaluated this evidence. (Doc. 11-16 at 9.) Nothing further was required of the court.

Finally, Appellants assert that the Order on Remand cannot stand because it is unduly vague. To the contrary, the Order on Remand is clear, plain, and unambiguous. Accordingly,

**IT IS ORDERED** that the bankruptcy court's March 11, 2020 order (Doc. 1 at 9-15) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate any remaining deadlines and hearings, enter judgement in favor of Appellees, and terminate this case.

Dated this 5th day of October, 2020.

Douglas L. Rayes
United States District Judge